UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clauvens Cenor Jr., <br><br> PETITIONER <br><br> v. <br><br> Warden Stevie Knight, <br><br> RESPONDENT | Case No. 2:21-cv-01005-TLW <br><br><br> **Order** |

Petitioner Clauvens Cenor Jr., a Bureau of Prisons (BOP) inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking the immediate award of time credit that he says he is entitled to under the First Step Act of 2018. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 20. In the Report, the magistrate judge recommends that Respondent's motion for summary judgment, ECF No. 15, be granted and the petition be dismissed. Petitioner filed objections to the Report. ECF No. 22. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections

1

> are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections.

Respondent moved for summary judgment based on Petitioner's failure to exhaust his administrative remedies and because his request for relief is premature. ECF No. 15 at 1. In the Report, the magistrate judge recommends granting Respondent's motion for both reasons. ECF No. 20 at 8. Petitioner objects, arguing (1) that his failure to exhaust should be excused because he would be eligible for immediate release if he prevails; and (2) that he should not be required to wait to get his time credit until January 15, 2022, the date when "the program is fully operable." ECF No. 22 at 3–4.

As to the exhaustion requirement, Petitioner cites a similar case where the district judge concluded that the petitioner in that case did not have to exhaust his administrative remedies before coming to court because doing so "would cause him irreparable harm because he is allegedly already entitled to be released from prison." *Nelson v. Cox*, No. 4:20-cv-04199, 2021 WL 1221178, at *2 (D.S.D. Apr. 1, 2021). It is difficult to quarrel with the logic of that opinion.

However, it is not necessary for the Court to definitively rule on the exhaustion issue because even if Petitioner's failure to exhaust is excused, Respondent is still entitled to summary judgment. As courts across the country have recognized in

similar cases, Petitioner's request is premature for the reasons discussed in detail in Respondent's motion and the Report, specifically that the applicable statute does not require the BOP to apply the time credits until January 15, 2022. *See, e.g.*, *Jindra v. FPC Yankton, Warden*, No. 4:21-CV-04113, 2021 WL 2913066, at *1 (D.S.D. July 21, 2021) ("[A]n inmate that seeks to have the Court compel the BOP to apply the credits before January 15, 2022, does not have standing and his/her petition must be dismissed for lack of subject matter jurisdiction."), *appeal docketed*, No. 21-2720 (8th Cir. Aug. 2, 2021). Petitioner's argument to the contrary is not persuasive.

Accordingly, after careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 20, is **ACCEPTED AS MODIFIED**, Petitioner's objections, ECF No. 22, are **OVERRULED**, and Respondent's motion for summary judgment, ECF No. 15, is **GRANTED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.[1]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

October 22, 2021
Columbia, South Carolina

---

[1] In light of this ruling, the remaining outstanding motion, ECF No. 18, is terminated as **MOOT**.

3